Lowenstein Sandler LLP
Leiv Blad (SBN 151353)
Zarema Jaramillo (*pro hac vice forthcoming*)
Katie Glynn (SBN 300524)
2200 Pennsylvania Avenue, Suite 500E
Washington, District of Columbia  20037
Telephone:  202.753.3800
Facsimile:  202.753.3838
lblad@lowenstein.com
zjaramillo@lowenstein.com
kglynn@lowenstein.com

390 Lytton Avenue
Palo Alto, California  94301
Telephone:  650.433.5800
Facsimile:  650.328.2799

Attorneys for Non-Party
DAVID A. SPECTOR

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bruce Jacobs,<br><br>    Plaintiff,<br><br>v.<br><br>Bank of America Corporation, et al.<br><br>    Defendants. | Case No. 2:17-mc-97<br><br>(United States District Court, Southern District of Florida, Miami District, Florida Case No. 1:15-cv-24585-UU)<br><br>**DECLARATION OF LEIV BLAD IN SUPPORT OF NON-PARTY DAVID A. SPECTOR'S MOTION TO QUASH SUBPEONA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION** |

I, Leiv Blad, declare as follows:

1.      I am an attorney duly authorized to practice law before this Court.  I am a partner with the law firm Lowenstein Sandler LLP, counsel for David A. Spector, a non-party recipient of a Subpoena to Testify at a Deposition in a Civil Action (the "Subpoena") served upon him by Relator Bruce Jacobs ("Plaintiff") in *Jacobs v. Bank of America Corp.*, No. 1:15-cv-24585-UU, a case pending in the Southern District of Florida.

2.      I have been involved in the discussions with Plaintiff regarding the scope of the subpoena issued to Mr. Spector.

3.      On June 16, 2017, I informed Plaintiff's counsel that I would accept service of the Subpoena on behalf of David Spector.

4.      On July 11, 2017, I received the Subpoena, dated July 10, 2017, from Plaintiff's counsel via email.  A true and correct copy of the Subpoena is attached hereto as **Exhibit A**.

5.      On July 12, 2017, my colleague, Katie Glynn, requested, via email, that Plaintiff provide a list of deposition topics.  Plaintiff's counsel, Robert Kohn, responded, stating that Plaintiff would not provide a list of deposition topics, but that he expected Mr. Spector would "be examined concerning topics relevant to the claims and defenses in the action, including (but, not limited to) the possible impeachment of parties or witnesses who may reasonably be expected to offer evidence concerning those topics."  As a result, we responded on July 13, 2017, offering availability for a meet and confer to discuss the scope of the Subpoena.  A true and correct copy of the July 12-13, 2017 email chain between Robert Kohn and Katie Glynn, copying me, is attached hereto as **Exhibit B**.

6.      On July 14, 2017, a meet and confer was held via teleconference between Robert Kohn and Court Keeley, representing Plaintiff, and myself and Ms. Glynn, representing Mr. Spector.  Plaintiff's counsel began the meet and confer by stating that they viewed Mr. Spector

as a hostile witness and, as such, did not feel obligated to provide any additional details regarding the topics to be discussed at Mr. Spector's deposition. I explained that it was important to understand the topics to be discussed so that we could weigh Plaintiff's need for the testimony against the burden the Subpoena placed on Mr. Spector, a non-party. Plaintiff's counsel then explained that the deposition would be focused on whether Mr. Spector authorized anyone to use his stamp to endorse documents while employed at CFC; whether Mr. Spector authorized anyone to use his stamp to endorse documents after he resigned from CFC; and Defendants' practices and policies related to the use of stamps, both while he was employed at CFC and after he resigned.

7. During the July 14, 2017 meet and confer, Plaintiff's counsel requested that Mr. Spector collect and produce all of Mr. Spector's prior deposition transcripts, affidavits, and declarations, along with all exhibits to depositions, from any prior case. Plaintiff's counsel stated that they would then reserve the right to re-notice Mr. Spector's deposition after reviewing the documents provided.

8. During the July 14, 2017 meet and confer, I confirmed that Mr. Spector had no documents responsive to the document requests attached as Attachment A to the Subpoena.

9. We agreed with Plaintiff's counsel to meet and confer regarding the Subpoena again on July 17, 2017. During the July 17, 2017 meet and confer, I offered Plaintiff an alternative to deposing Mr. Spector. Specifically, I offered a declaration from Mr. Spector stating that he authorized others to use his stamp for endorsements while he was employed at CFC, but did not authorize anyone to use his stamp after he resigned. The declaration would also provide that Mr. Spector was not aware of any of CFC's practices and policies after he resigned in 2006. I also stated that Plaintiff could obtain information regarding CFC's practices

and policies during Mr. Spector's employment from other employees of Defendants, who also were employed by CFC during the same time as Mr. Spector.

10. Plaintiff's counsel rejected this proposal. Plaintiff's counsel stated that Mr. Spector's deposition is necessary because current employees of Defendants may "lie" and Mr. Spector's testimony was needed to impeach those witnesses. I asked Plaintiff's counsel how many current employees of Defendants had been deposed thus far in this matter, and he responded that Plaintiff had not yet taken any depositions. Plaintiff's counsel stated that there was no way to know whether any of the future deponent's may lie during their depositions.

11. During the July 17, 2017 meet and confer, Plaintiff's counsel again requested that Mr. Spector produce all prior deposition transcripts, affidavits, and declarations from any case. Plaintiff's counsel once again reserved the right to depose Mr. Spector after reviewing any documents produced. I stated that, before agreeing to this proposal, Plaintiff needed to show that Mr. Spector's deposition testimony was necessary and relevant.

12. At this point in the July 17, 2017 meet and confer, Plaintiff was unwilling to modify the Subpoena to relieve Mr. Spector of the obligation to testify at a deposition. I informed Plaintiff that we would be filing a motion to quash the Subpoena.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed in Washington, DC, on July 26, 2017.

                                                 */s/ Leiv Blad*
                                                 LEIV BLAD